JOHN P. DESMOND
Nevada Bar No. 5618
JUSTIN J. BUSTOS
Nevada Bar No. 10320
DICKINSON WRIGHT PLLC
100 W. Liberty, Suite 940
Reno, Nevada 89501
Tel: 775-343-7505
Fax: 844-670-6009
Email: jdesmond@dickinsonwright.com
Email: jbustos@dickinsonwright.com

JASON J. KIM (*will comply with LR IA 11-2 within 14 days*)
HUNTON ANDREWS KURTH LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071
Tel: 213-532-2114
Fax: 213-532-2020
Email: kimj@HuntonAK.com

*Attorneys for Defendant Samsung Electronics
America, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAY GELIZON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendant. | Case No. |

## NOTICE OF REMOVAL

Defendant, Samsung Electronics America, Inc. ("Samsung" or "Defendant"), hereby removes the above-entitled action from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1446, 1453, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). In support thereof,

Samsung states as follows:

## I.    INTRODUCTION

1.      On September 2, 2022, Plaintiff Jay Gelizon ("Gelizon" or "Plaintiff") filed this lawsuit in the Eighth Judicial District Court, Clark County, Nevada, styled as *Jay Gelizon v. Samsung Electronics America, Inc.*, Case No. A-22-857862-C, Department 3 (the "State Action"). Plaintiff served the State Action Complaint ("SAC") on Samsung on September 14, 2022. The SAC asserts four claims for: (1) negligence; (2) invasion of privacy by public disclosure of private facts and intrusion upon seclusion; (3) breach of contract; and (4) breach of implied contract. Each of Plaintiff's claims arises out of a data security incident that Samsung announced on September 2, 2022 (the "Security Incident").

2.      On behalf of himself and the putative class, Plaintiff seeks, among other things, actual damages, exemplary damages, statutory damages, injunctive relief, and attorneys' fees. SAC ¶ 10.

3.      As shown below, the State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II.    SAMSUNG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As stated above, Plaintiff served the SAC on Samsung on September 14, 2022. Thus, Samsung's Notice of Removal is timely because it is filed within 30 days of that date. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

1

2

3

4

5

6

7

8

9

5.      Venue lies in the United States District Court for the District of Nevada because Plaintiff filed the State Action in this District. *See* 28 U.S.C. § 1441(a) (mandating venue for removal actions).

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Samsung are concurrently filed and attached hereto as **Exhibit A**.

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Eighth Judicial District Court, Clark County, Nevada.

10

11

**III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA**

12

13

14

15

16

17

18

8.      The State Action is a civil action over which this Court has original jurisdiction pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

19

20

21

22

23

9.      To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same liberal pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). Samsung easily meets that standard.

24

25

26

27

10.     As set forth below, this is a putative class action in which, as alleged: (1) there are more than 100 members in Plaintiff's proposed class; (2) Plaintiff and the members of the putative class have a different citizenship than Samsung; and (3) the claims of the proposed class members

28

exceed the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. The State Action is a "Class Action" Under CAFA

11.     CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 26 U.S.C. § 1332(d)(1)(B).

12.     Here, the SAC is styled as a "CLASS ACTION Complaint" (SAC at 1); Plaintiff specifically alleges that he is bringing the State Action on behalf of himself and a putative class comprised of "millions of individuals" allegedly affected by the Security Incident (*Id.* ¶ 1); he contends that a class action in this case would be "superior to other available methods for the fair and efficient adjudication of the controversy" (*Id.* ¶ 50); and he seeks an order certifying this action as a class action pursuant to Nevada Rule of Civil Procedure 23 (*Id.* at 9, 17). Actions seeking class treatment in this manner are "class actions" under CAFA. *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011) (holding that there is "no ambiguity" that any action brought in state court "under a state statute or rule similar to [Federal] Rule 23" is a class action for purposes of CAFA) (citing 28 U.S.C. § 1332(d)(1)(B)).

### B. The Putative Class Consists of More than 100 Members

13.     Plaintiff seeks to represent a nationwide class defined as: "All persons whose sensitive personal information, including, but not limited to, names, contact and demographic information, dates of birth, and product registration information was obtained by an unauthorized individual or individuals from Defendant during the July 2022 data breach." SAC ¶ 43.

14.     The putative class consists of more than 100 individuals. Indeed, Plaintiff alleges that the putative class is comprised of "millions of individuals" who were allegedly affected by the Security Incident. *Id.* ¶ 1. Moreover, Plaintiff bases his claims on a notice Samsung sent to customers potentially impacted by the Security Incident. *Id.* ¶¶ 3–4. Samsung avers that it sent such notices to more than 10 million individuals nationwide. Accordingly, the requirement of 100 or more class members is met.

### C. Minimal Diversity Exists

15.     Under CAFA's "minimal diversity" requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Lopez v. U.S. Home Corp.*, 2016 WL 6988486, at *1 (D. Nev. Nov. 27, 2016).

16.     Under CAFA, minimal diversity exists if any member of the proposed class is a citizen of a State other than New York or New Jersey. 28 U.S.C. § 1332(d)(2)(A), (d)(2)(B); *Mississippi ex rel. Hood*, 571 U.S. at 165; *Lopez*, 2016 WL 6988486, at *1. CAFA's minimal diversity requirement is readily satisfied here.

17.     Samsung avers that it is a New York corporation that has its principal place of business in New Jersey. Samsung, therefore, is a citizen of both New York and New Jersey for removal purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010); 28 U.S.C. § 1332(c)(1).

18.     Samsung further avers that Plaintiff is a Nevada citizen, thereby making him diverse from Samsung. Indeed, Plaintiff claims he "is a resident of Clark County, Nevada." SAC ¶ 12. Accordingly, at least one member of the proposed class is a citizen of a State other than New York or New Jersey. Minimal diversity exists.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.  The Amount-in-Controversy Requirement is Satisfied**

19.     To establish CAFA's amount-in-controversy requirement, Samsung "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee*, 574 U.S. at 89.

20.     Although Samsung denies Plaintiff or any putative class member suffered any cognizable injury as a result of the Security Incident, Plaintiff asserts causes of action for, among other things, negligence, invasion of privacy by public disclosure of private facts and intrusion upon seclusion, and breach of contract. SAC ¶¶ 54–90. In connection with these causes of action, Plaintiff seeks damages for the "expense of credit monitoring and identity theft insurance" on behalf of a putative class consisting of "millions of individuals." *Id.* at 2, 17. Given the average cost per person for credit monitoring and identity theft protection services exceeds $5 annually,[1] the amount in controversy plainly exceeds $5 million. And that does not even include the other compensatory damages alleged by Plaintiff, including "out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harms." *Id.* at 17. Nor does it include the exemplary damages and attorneys' fees also sought by Plaintiff. *Id.* at 3, 17. By all counts, CAFA's $5 million amount-in-controversy requirement is satisfied.

/ / /

/ / /

/ / /

---

[1] *See* Jeff Kinney & Kristen Hampshire, Best Identity Theft Protection Services of 2022, US News & World Report (Sept. 16, 2022 (9:00 AM)), https://www.usnews.com/360-reviews/privacy/identity-theft-protection (noting that the cost of recommended identity theft protection services ranges from $9.99 to $50 a month).

**IV.    CONCLUSION**

WHEREFORE, Samsung respectfully removes the State Action to this Court pursuant to 28 U.S.C. § 1441(b).

DATED: October 10, 2022                    Respectfully Submitted,


/s/ Justin J. Bustos
JOHN P. DESMOND
Nevada Bar No. 5618
JUSTIN J. BUSTOS
Nevada Bar No. 10320
DICKINSON WRIGHT PLLC
100 W. Liberty, Suite 940
Reno, Nevada  89501
Tel: 775-343-7505
Fax: 844-670-6009
Email:  jdesmond@dickinsonwright.com
Email:  jbustos@dickinsonwright.com


JASON J. KIM (*will comply with LR IA 11-2 within 14 days*)
HUNTON ANDREWS KURTH LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071
Tel: 213-532-2114
Fax: 213-532-2020
Email:  kimj@HuntonAK.com

*Attorneys for Defendant Samsung Electronics America, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that I am an employee of DICKINSON WRIGHT PLLC, and that on this date,

pursuant to NRCP 5(b), I am serving a true and correct copy of **NOTICE OF REMOVAL** on the

parties through the United States District Court's CM/ECF and email as set forth below:

Michael Kind, Esq.
Nevada Bar No. 13903
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

Bryan Paul Thompson, Esq.
(*pro hac vice to be submitted*)
Robert W. Harrer, Esq.
(*pro hac vice to be submitted*)
CHICAGO CONSUMER LAW CENTER,
P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Phone: 312-858-3239
FAX: 312-610-5646
Email: bryan.thompson@cclc-law.com
Email: rob.harrer@cclc-law.com

*Attorneys for Plaintiff Jay Gelizon and on
behalf of all others similarly situated*

DATED this 10th day of October, 2022.

/s/ Laura P. Browning
An Employee of DICKINSON WRIGHT PLLC