# EXHIBIT A

# All Process, Pleadings and Orders
# (Jay Gelizon v. Samsung Electronics of America, Inc. A-22-857862-C; Dept. 3)

# EXHIBIT A

Electronically Filed
9/2/2022 1:25 PM
Steven D. Grierson
CLERK OF THE COURT

Michael Kind, Esq.
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

Bryan Paul Thompson, Esq. (*pro hac vice to be submitted*)
Robert W. Harrer, Esq. (*pro hac vice to be submitted*)
**CHICAGO CONSUMER LAW CENTER, P.C.**
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Phone: 312-858-3239
FAX: 312-610-5646
Email: bryan.thompson@cclc-law.com
Email: rob.harrer@cclc-law.com
*Attorneys for Plaintiff Jay Gelizon and on behalf of all others similarly situated*

CASE NO: A-22-857862-C
Department 3

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Jay Gelizon, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>Samsung Electronics America, Inc.,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION Complaint for Damages Based on: (1) Negligence; (2) Invasion of Privacy; (3) Breach of Contract; and (4) Breach of Implied Contract**<br><br>**Jury Trial Demanded**<br><br>**Exempt from Arbitration: Class Action** |

1

1

**Introduction**

2  1.  Defendant Samsung Electronics America, Inc. ("Samsung") or ("Defendant") failed to

3  safeguard the confidential personal identifying information of Plaintiff Jay Gelizon

4  ("Plaintiff") and millions of individuals ("Class Members" or collectively as the "Class").

5  This class action is brought on behalf of Class Members whose personally identifiable

6  information ("PII" or "Private Information") was stolen by cybercriminals in a cyber-attack

7  that accessed sensitive patient information through Defendant's email accounts.

8  2.  In July 2022, Defendant lost valuable PII regarding its customers due to unauthorized access

9  from cybercriminals.

10  3.  Defendant became aware of this breach on or about August 4, 2022, but waited until

11  September 2, 2022, to inform its customers that their PII had been compromised.

12  4.  Plaintiff and Class Members were not notified of the data breach until September 2022,

13  more than a month after their information was first accessed.

14  5.  The cybercriminals accessed insufficiently protected information belonging to Plaintiff and

15  the Class Members. Upon information and belief, as a result of Defendant's failure to

16  properly secure Plaintiff's and the Class Members' personal information, the cybercriminals

17  obtained extensive personal information including names, contact and demographic

18  information, dates of birth, and product registration information, collectively known as

19  personally identifiable information ("PII" or "Private Information").

20  6.  Plaintiff's and Class Members' sensitive personal information, which was entrusted to

21  Defendant, its officials and agents, was compromised, unlawfully accessed, and stolen due

22  to the Data breach.

23  7.  As a result of Defendant's actions and/or inaction, Plaintiff and the Class Members were

24  harmed and must now take remedial steps to protect themselves from future loss. Indeed,

25  Plaintiff and all of the Class Members are currently at a very high risk of misuse of their

26  Private Information in the coming months and years, including but not limited to

27

28

29

unauthorized credit card charges, unauthorized access to email accounts, identity theft, and other fraudulent use of their financial accounts.

8.    Defendant's wrongful actions and/or inaction constitute common law negligence, invasion of privacy by the public disclosure of private facts, breach of contract, and breach of implied contract.

9.    Plaintiff brings this class action lawsuit on behalf of those similarly situated to address Defendant's inadequate safeguarding of Class Members' Private Information that they collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and other Class Members that their information had been subject to the unauthorized access of an unknown third party.

10.    Plaintiff, on behalf of himself and the Class seeks (i) actual damages, economic damages, emotional distress damages, statutory damages and/or nominal damages, (ii) exemplary damages, (iii) injunctive relief, and (iv) fees and costs of litigation.

## Jurisdiction and Venue

11.    This Court has jurisdiction to hear this case.

12.    Plaintiff is a resident of Clark County, Nevada.

13.    Defendant is a corporation doing business in Clark County, Nevada.

14.    Therefore, the Eighth Judicial District Court, Clark County, Nevada has personal jurisdiction over both Plaintiff and Defendant and subject matter jurisdiction pursuant to Article 6, Section 6 of the Nevada Constitution and NRS 4.370.

## Parties

15.    Plaintiff is a natural person residing in Clark County, Nevada.

16.    Defendant is corporation that provides, manufactures and sells consumer electronics and services, among other things. Defendant operates nationally, including in Nevada.

## Factual Allegations

17.    Identity theft, which costs Americans billions of dollars a year, occurs when an individual's personal identifying information is used without his or her permission to commit fraud or

other crimes. Victims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars.

18.    According to the Federal Trade Commission ("FTC"):

> Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit.

19.    The United States Government Accountability Office ("GAO") has stated that identity thieves can use identifying data to open financial accounts and incur charges and credit in a person's name. As the GAO has stated, this type of identity theft is the most damaging because it may take some time for the victim to become aware of the theft and can cause significant harm to the victim's credit rating. Like the FTC, the GAO explained that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records" as well the damage to their "good name."

20.    Industry Standards highlight several basic cybersecurity safeguards that can be implemented to improve cyber resilience that require a relatively small financial investment yet can have a major impact on an organization's cybersecurity posture including: (a) the proper encryption of Private Information; (b) educating and training employees on how to protect Private Information; and (c) correcting the configuration of software and network devices.

21.    Identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal and financial information for several years before using and/or selling the information to other identity thieves.

22.    Accordingly, federal and state legislatures have passed laws to ensure companies protect the security of sensitive personally identifying confidential information, such as that wrongfully disclosed by Defendant.

23. The FTC has issued a publication entitled "Protecting Personal Information: A Guide for Business" ("FTC Report"). The FTC Report provides guidelines for businesses on how to develop a "sound data security plan" to protect against crimes of identity theft. To protect the personal sensitive information in their files, the FTC Report instructs businesses to follow, among other things, the following guidelines:

    a. Know what personal information you have in your files and on your computers;

    b. Keep only what you need for your business;

    c. Protect the information that you keep;

    d. Properly dispose of what you no longer need;

    e. Control access to sensitive information by requiring that employees use "strong" passwords; tech security experts believe the longer the password, the better; and

    f. Implement information disposal practices reasonable and appropriate to prevent an unauthorized access to personally identifying information.

24. The FTC Report also instructs companies that outsource any business functions to proactively investigate the data security practices of the outsourced company and examine their standards.

25. The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp*., 799 F.3d 236 (3d Cir. 2015).

26. Upon information and belief, Defendant has policies and procedures in place regarding the safeguarding of confidential information they are entrusted with and Defendant failed to comply with those policies. Defendant also negligently failed to comply with industry standards or even implement rudimentary security practices, resulting in Plaintiff's and the Class' confidential information being substantially less safe than had this information been entrusted with other similar companies.

27. On or around September 2, 2022, Plaintiff and millions of Class Members received emailed letters from Defendant notifying them that Defendant learned of suspicious activity that allowed one or more cybercriminals to access their systems containing Plaintiff's and the Class' Personally Identifiable Information.

28. The criminals were able to access Plaintiff's and the Class' personal information because Defendant failed to take reasonable measures to protect the Personally Identifiable Information they collected and stored. Among other things, Defendant failed to implement data security measures designed to prevent this attack, despite repeated industry wide warnings about the risk of cyberattacks and the highly publicized occurrence of many similar attacks in the recent past.

29. Defendant's notice of Data breach was not just untimely but woefully deficient, failing to provide basic details, including but not limited to, how unauthorized parties accessed their accounts, whether the information was encrypted or otherwise protected, how they learned of the Data breach, whether the breach occurred system-wide, whether servers storing information were accessed, and how many individuals were affected by the Data breach.

30. As a result of Defendant's failure to properly secure Plaintiff's and the Class Members' personal identifying information, Plaintiff's and the Class Members' privacy has been invaded.

31. Defendant also refused to provide credit monitoring or other services to assist Plaintiff and the class members' in monitoring their credit to help avoid identity theft.

32. Moreover, all of this personal information is likely for sale to criminals on the dark web, meaning that unauthorized parties have accessed and viewed Plaintiff's and the Class Members' unencrypted, non-redacted information, including names, contact and demographic information, dates of birth, and product registration information, and more.

33. Armed with the Private Information accessed in the cyber-attack, data thieves can commit a variety of crimes including, e.g., opening new financial accounts in Class Members' names, taking out loans in Class Members' names, using Class Members' health

information to target other phishing and hacking intrusions based on their individual health needs, using Class Members' information to obtain government benefits, filing fraudulent tax returns using Class Members' information, obtaining driver's licenses in Class Members' names but with another person's photograph, and giving false information to police during an arrest.

34. Given all of the information obtained, the criminals would also be able to create numerous fake accounts or phishing scams, as part of their identity theft operation.

35. As a direct and proximate result of Defendant's wrongful disclosure, criminals now have Plaintiff's and the Class Members' personal identifying information. Additionally, the disclosure makes Plaintiff and Class Members much more likely to respond to requests from Defendant or law enforcement agencies for more personal information, such as bank account numbers, login information or even Social Security numbers. Because criminals know this and are capable of posing as Defendant or law enforcement agencies, consumers like Plaintiff and fellow Class Members are more likely to unknowingly give away their sensitive personal information to other criminals.

36. Defendant's wrongful actions and inactions here directly and proximately caused the public disclosure of Plaintiff's and Class Members' personal identifying information without their knowledge, authorization and/or consent. As a further direct and proximate result of Defendant's wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

37. As a further result of the data breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

38. Names and dates of birth, combined with contact information like telephone numbers and email addresses, are very valuable to hackers and identity thieves as it allows them to access

users' other accounts. Thus, even if some information was not involved in the Data breach, the unauthorized parties could use Plaintiff's and Class Members' Private Information to access other information, including, but not limited to email accounts, government services accounts, e-commerce accounts, payment card information, and financial accounts, to engage in the fraudulent activity identified by Plaintiff.

39.  As a direct and proximate result of the data breach, Plaintiff and Class Members have suffered and will continue to suffer damages and economic losses in the form of: the loss of time needed to take appropriate measures to avoid unauthorized and fraudulent charges; change their usernames and passwords on their accounts; investigate, correct and resolve unauthorized debits, charges, and fees charged against their accounts; and deal with spam messages and e-mails received as a result of the data breach. Plaintiffs and Class Members have likewise suffered and will continue to suffer an invasion of their property interest in their own Private Information such that they are entitled to damages for unauthorized access to and misuse of their Private Information from Defendant. Plaintiffs and Class Members presently and will continue to suffer from damages associated with the unauthorized use and misuse of their Private Information as thieves will continue to use the stolen information to obtain money and credit in their name for several years.

40.  Defendant was at all times fully aware of its obligations to protect the Private Information of Plaintiff and Class Members. Plaintiff and Class Members would not have entrusted their Private Information to Defendant had they known that Defendant would fail to maintain adequate data security. Defendant was also aware of the significant repercussions that would result from their failure to do so.

41.  While this matter has only recently been discovered, Plaintiff believes that through discovery additional information will be obtained including what additional information may have been compromised by Defendant's actions and inactions, what actions Defendant took or did not take to secure data, and other information regarding the data breach.

42.  Accordingly, Plaintiff on behalf of himself and the Class, brings this action against Defendant seeking redress for their unlawful conduct.

### Class Action Allegations

43.  Pursuant to Nevada Rule of Civil Procedure 23 Plaintiff brings this class action on behalf of himself and the following Class of similarly situated individuals:

> All persons whose sensitive personal information, including, but not limited to, names, contact and demographic information, dates of birth, and product registration information was obtained by an unauthorized individual or individuals from Defendant during the July 2022 data breach.

44.  The Class specifically excludes Defendant and their officers, directors, and/or agents, the Court, and Court personnel.

45.  The putative Class is comprised of thousands of persons, making joinder impracticable. The joinder of the Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

46.  The rights of each Class Member were violated in an identical manner as a result of Defendant's willful, reckless and/or negligent actions and/or inaction.

47.  The questions of law and fact common to all Class Members, and which predominate over any questions affecting only individual Class Members, are as follows:

   a.  Whether Defendant negligently failed to maintain and execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and Class Members' personal identifying information;

   b.  Whether Defendant was negligent in storing and failing to adequately safeguard Plaintiff's and Class Members' personal identifying information;

   c.  Whether Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in protecting and securing their personal identifying information;

9

d.  Whether Defendant breached its duties to exercise reasonable care in failing to protect and secure Plaintiff's and Class Members' personal identifying information;

e.  Whether by disclosing Plaintiff's and Class Members' personal identifying information without authorization, Defendant invaded Plaintiff's and Class Members' privacy;

f.  Whether Defendant created an implied contract with Plaintiff and Class Members to keep their personal identifying information confidential; and

g.  Whether Plaintiff and Class Members sustained damages as a result of Defendant's failure to secure and protect their personal identifying information.

48.  Plaintiff and his counsel will fairly and adequately represent the interests of Class Members. Plaintiff has no interests antagonistic to, or in conflict with, Class Members' interests. Plaintiff's attorneys are highly experienced in the prosecution of consumer class action, complex litigation and privacy breach cases.

49.  Plaintiff's claims are typical of Class Members' claims in that Plaintiff's claims and Class Members' claims all arise from Defendant's wrongful disclosure of their personal identifying information and from Defendant's failure to properly secure and protect the same.

50.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. Defendant would retain the benefits of their wrongdoing despite its serious violations of the law.

51.  The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Defendant. In contrast, the adjudication of this action as a class action presents far fewer management difficulties,

conserves judicial resources and the parties' resources, and protects the rights of each class member.

52. Defendant has acted or failed to act on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

53. Class certification, therefore, is appropriate pursuant to Rule 23 because the above common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## First Cause of Action
### Negligence

54. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

55. Upon Defendant's accepting and storing the Private Information of Plaintiff and the Class in its computer systems and on its networks, Defendant undertook and owed a duty to Plaintiff and the Class to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. Defendant knew that the Private Information was private and confidential and should be protected as private and confidential.

56. Defendant owed a duty of care not to subject Plaintiff's and the Class' Private Information to an unreasonable risk of exposure and theft because Plaintiff and the Class were foreseeable and probable victims of any inadequate security practices.

57. It was reasonably foreseeable that Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' personal identifying information would result in an unauthorized third-party gaining access to such information for no lawful purpose, and that such third parties would use Plaintiff's and Class Members' personal identifying information for malevolent and unlawful purposes, including the commission of direct theft and identity theft.

58. Defendant knew, or should have known, of the risks inherent in collecting, storing, and sharing Private Information amongst themselves and the importance of adequate security. Defendant knew of should have known about numerous well-publicized data breaches within the industry.

59. Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of Defendant's failure to secure and protect their personal identifying information as a result of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft herein, insurance incurred in mitigation, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they suffered loss and are entitled to compensation.

60. Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) negligence at common law.

**Second Cause of Action**
**Invasion of Privacy by Public**
**Disclosure of Private Facts and Intrusion Upon Seclusion**

61. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

62. Plaintiff's and Class Members' personal identifying information is and always has been private information.

63. Dissemination of Plaintiff's and Class Members' private information is not of a legitimate public concern; publication to third parties of their personal identifying information would be, is and will continue to be, offensive to Plaintiff, Class Members, and other reasonable people.

64. Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of Defendant's invasion of their privacy by publicly disclosing their private facts including, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they are entitled to compensation.

65.    Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and Class Members' privacy by publicly disclosing their private facts (*i.e.*, their personal identifying information).

**Third Cause of Action**
**Breach of Contract**

66.    Plaintiff fully incorporates by reference all of the above paragraphs, as though fully set forth herein.

67.    Plaintiff and other Class Members entered into valid and enforceable express contracts with Defendant under which Plaintiff and other Class Members agreed to provide their Private Information to Defendant, and Defendant impliedly, if not explicitly, agreed to protect Plaintiff's and Class Members' Private Information.

68.    To the extent Defendant's obligation to protect Plaintiff's and other Class Members' Private Information was not explicit in those express contracts, the express contracts included implied terms requiring Defendant to implement data security adequate to safeguard and protect the confidentiality of Plaintiff's and other Class Members' Private Information, including in accordance with FCC regulations; federal, state and local laws; and industry standards. Neither Plaintiff nor any Class member would have entered into these contracts with Defendant without the understanding that Plaintiff's and other Class Members' Private Information would be safeguarded and protected; stated otherwise, data security was an essential implied term of the parties' express contracts.

69.    A meeting of the minds occurred, as Plaintiff and Class Members agreed, among other things, to provide their Private Information in exchange for Defendant's agreement to protect the confidentiality of that Private Information.

70.    The protection of Plaintiff's and Class Members' Private Information was a material aspect of Plaintiff's and Class Members' contracts with Defendant.

71.   Defendant's promises and representations described above relating to FCC regulations and industry practices, and Defendant's purported concern about its clients' privacy rights became terms of Plaintiff's and Class Members' contracts with Defendant. Defendant breached these promises by failing to comply with FCC regulations and reasonable industry practices.

72.   Plaintiff and Class Members read, reviewed, and/or relied on statements made by or provided by Defendant and/or otherwise understood that Defendant would protect their Private Information if that information was provided to Defendant.

73.   Plaintiff and Class Members fully performed their obligations under the implied contract with Defendant; however, Defendant did not.

74.   As a result of Defendant's breach of these terms, Plaintiff and Class Members have suffered a variety of damages including but not limited to: the lost value of their privacy; not getting the benefit of their bargain with Defendant; the lost difference in the value between the secure services Defendant promised and the insecure services received; the value of the lost time and effort required to mitigate the actual and potential impact of the data breach on their lives, including, *inter alia*, the requirement to place "freezes" and "alerts" with credit reporting agencies, to contact financial institutions, to close or modify accounts, to closely review and monitor credit reports and various accounts for unauthorized activity, and to file police reports. Additionally, Plaintiff and Class Members have been put at an increased risk of future identity theft, fraud, and/or misuse of their Private Information, which may take years to manifest, discover, and detect.

75.   Plaintiff and Class Members are therefore entitled to damages, including restitution and unjust enrichment, disgorgement, declaratory and injunctive relief, and fees and costs of litigation.

**Fourth Cause of Action**
**Breach of Implied Contract**

76.   Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

14

77.   "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

78.   Among other things, Plaintiff and Class Members were required to disclose their personal identifying information to Defendant in order to do business with it, as well as implied contracts for the Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' Private Information.

79.   When Plaintiff and Class Members provided their Private Information to Defendant in exchange for Defendant's goods and/or services, they entered into implied contracts with Defendant pursuant to which Defendant agreed to reasonably protect such information.

80.   In entering into such implied contracts, Plaintiff and Class Members reasonably believed and expected that Defendant's data security practices complied with relevant laws and regulations and were consistent with industry standards.

81.   Under implied contracts, Defendant and/or its affiliated providers promised and was obligated to protect Plaintiff's and Class Members' Private Information. In exchange, Plaintiff and Members of the Class agreed to turn over their Private Information.

82.   The implied contracts that include the contractual obligations to maintain the privacy of Plaintiff's and Class Members' Private Information, are also acknowledged, memorialized, and embodied in multiple documents, including (among other documents) Defendant's Data breach notification notice and Defendant's notices of privacy practices.

83.   Defendant's express representations, including, but not limited to the express representations found in their notices of privacy practices, memorialize and embody the implied contractual obligations requiring Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' Private Information.

84.   Plaintiff and Class Members performed their obligations under the contract when they provided their Private Information in consideration for Defendant's employment services.

85. Defendant materially breached its contractual obligations to protect the private information Defendant gathered when the information was accessed and exfiltrated during the data breach.

86. Defendant materially breached the terms of the implied contracts, including, but not limited to, the terms stated in the relevant notices of privacy practices. Defendant did not maintain the privacy of Plaintiff's and Class Members' Private Information as evidenced by its notification of the data breach to Plaintiff and Class Members. Specifically, on information and belief, Defendant did not comply with industry standards, standards of conduct embodied in statutes like Section 5 of the FTCA, or otherwise protect Plaintiff's and Class Members' private information as set forth above.

87. The data breach was a reasonably foreseeable consequence of Defendant's actions in breach of these contracts.

88. As a result of Defendant's failure to fulfill the data security protections promised in these contracts, Plaintiff and Class Members did not receive full benefit of the bargain they entered into, and instead received services that were of a diminished value to that described in the contracts. Plaintiff and Class Members, therefore, were damaged in an amount at least equal to the difference in the value between the secure services Defendant promised and the insecure services received.

89. Had Defendant disclosed that its security was inadequate or that it did not adhere to industry-standard security measures, neither Plaintiff, Class Members, nor any reasonable person would have entered into the aforementioned contracts with Defendant.

90. As a direct and proximate result of the data breach, Plaintiff and Class Members have been harmed and suffered, and will continue to suffer, actual damages and injuries, including without limitation the release and disclosure of their Private Information, the loss of control of their Private Information, the imminent risk of suffering additional damages in the future, out of pocket expenses, and the loss of the benefit of the bargain they had struck with Defendant.

## Prayer for Relief

91.  Wherefore, Plaintiff, individually and on behalf of the other members of the Class proposed in this complaint, respectfully requests that the Court enter judgement in favor of Plaintiff and the Class against Defendant, as follows:

- Certifying this action as a class action, with a class as defined above;
- For equitable relief enjoining Defendant from engaging in the wrongful acts and omissions complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Information, and from failing to issue prompt, complete and accurate disclosures to Plaintiff and Class Members;
- Awarding compensatory damages to redress the harm caused to Plaintiff and Class Members in the form of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm. Plaintiff and Class Members also are entitled to recover statutory damages and/or nominal damages. Plaintiff's and Class Members' damages were foreseeable by Defendant and exceed the minimum jurisdictional limits of this Court.
- Ordering injunctive relief including, without limitation, (i) adequate credit monitoring, (ii) adequate identity theft insurance, (iii) instituting security protocols in compliance with the appropriate standards and (iv) requiring Defendant to submit to periodic compliance audits by a third party regarding the security of personal identifying information in its possession, custody and control.
- Awarding Plaintiff and the Class Members interest, costs and attorneys' fees; and
- Awarding Plaintiff and the Class such other and further relief as this

1    Court deems just and proper.

2                          **Trial by Jury**

3    92.    Pursuant to the seventh amendment to the Constitution of the United States of America and

4           the Constitution of the State of Nevada, Plaintiff is entitled to, and demands, a trial by jury.

5

6           DATED this 2nd day of September 2022.

7

8           Respectfully submitted,

9

10   **Kind Law**

11   /s/ Michael Kind
     Michael Kind, Esq.
12   8860 South Maryland Parkway, Suite 106
     Las Vegas, Nevada 89123
13

14

15   **Chicago Consumer Law Center, P.C.**

16   /s/ Bryan Paul Thompson
     Bryan Paul Thompson (Pro hac Vice Forthcoming)
17   Robert W. Harrer (Pro hac Vice Forthcoming)
     33 N. Dearborn St., Suite 400
18   Chicago, Illinois 60602
     *Attorneys for Plaintiff and on behalf*
19   *of all others similarly situated*

20

21

22

23

24

25

26

27

28
                                18
29

Electronically Filed
10/1/2022 7:04 AM
Steven D. Grierson
CLERK OF THE COURT

PSER
KIND LAW
8860 S MARYLAND PKWY, STE 106
LAS VEGAS, NV 89123
(702) 337-2322



## DISTRICT COURT
## CLARK COUNTY, NEVADA

JAY GELIZON
    Plaintiff

vs

SAMSUNG ELECTRONICS AMERICA, INC.
    Defendant

*Case Number:* A-22-857862-C

*Dept:*

**PROOF OF SERVICE**

TONYA MALONE, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT FOR DAMAGES; CIVIL COVER SHEET**

I served the same on **09/14/2022 at 1:27 PM** to:

**Defendant SAMSUNG ELECTRONICS AMERICA, INC., BY SERVING C T CORPORATION SYSTEM, REGISTERED AGENT**

by leaving the copies with or in the presence of **ANA GOMES, ADMINISTRATIVE ASSISTANT**, at 701 S CARSON ST, STE 200, CARSON CITY, NV 89701, pursuant to **NRS 14.020**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Friday, September 16, 2022

TONYA MALONE, R-100246
Battle Born Process Service, NV PILB LIC #1876
3710 Grant Drive, Ste. L
Reno, NV 89509
775-507-7188

P-1970403.01

Electronically Filed
10/06/2022 8:15 AM

*[signature]*

CLERK OF THE COURT

1  **SAO**
   JOHN P. DESMOND
2  Nevada Bar No. 5618
   JUSTIN J. BUSTOS
3  Nevada Bar No. 10320
   DICKINSON WRIGHT PLLC
4  100 W. Liberty, Suite 940
   Reno, Nevada 89501
5  Tel: 775-343-7505
   Fax: 844-670-6009
6  Email: jdesmond@dickinsonwright.com
   Email: jbustos@dickinsonwright.com
7
   JASON J. KIM (*pro hac vice* to be filed)
8  HUNTON ANDREWS KURTH LLP
   550 South Hope Street
9  Suite 2000
   Los Angeles, CA 90071
10 Tel: 213-532-2114
   Fax: 213-532-2020
11 kimj@HuntonAK.com

12 *Attorneys for Defendant Samsung Electronics*
   *America, Inc.*
13

14                    EIGHTH JUDICIAL DISTRICT COURT

15                         CLARK COUNTY, NEVADA

16 JAY GELIZON, individually and on behalf of      Case No.:  A-22-857862-C
   all others similarly situated,                  Department 3
17
                                Plaintiff,         **STIPULATION FOR EXTENSION OF**
18                                                 **TIME FOR DEFENDANT TO**
                                                   **RESPOND TO THE COMPLAINT**
19 vs.                                             and
                                                   **(PROPOSED) ORDER**
20 SAMSUNG ELECTRONICS AMERICA,
   INC.,                                           **(First Request)**
21
                                Defendant.
22

23        Defendant Samsung Electronics America, Inc. ("Samsung") and Plaintiff Jay Gelizon

24 ("Gelizon"), by and through their respective counsel of record, stipulate and agree as follows:

25        1.      Plaintiff filed his Complaint on September 2, 2022.

26        2.      Samsung was served with Plaintiff's Complaint on September 14, 2022.

27        3.      Samsung now has until October 5, 2022 to respond to Plaintiff's Complaint.

28



1 of 3

4.      Samsung has requested an extension of time to respond to the Complaint until on or before December 5, 2022, so that, among other things, it may gather information related to the allegations in the Complaint.

5.      Therefore, the parties stipulate and agree that Samsung shall have up to and including December 5, 2022 to respond to the Complaint.

6.      This stipulation is the first request for an extension of the deadline to respond to the Complaint.

Dated: October 3, 2022

KIND LAW

/s/ Michael Kind
Michael Kind, Esq.
Nevada Bar No. 13903
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702) 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

Bryan Paul Thompson, Esq.
(pro hac vice to be submitted)
Robert W. Harrer, Esq.
(pro hac vice to be submitted)
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Phone: 312-858-3239
FAX: 312-610-5646
Email: bryan.thompson@cclc-law.com
Email: rob.harrer@cclc-law.com
Attorneys for Plaintiff Jay Gelizon and on
behalf of all others similarly situated

Dated: October 3, 2022

DICKINSON WRIGHT PLLC

/s/ Justin J. Bustos
JOHN P. DESMOND
Nevada Bar No. 5618
JUSTIN J. BUSTOS
Nevada Bar No. 10320
100 W. Liberty, Suite 940
Reno, Nevada  89501
Tel: 775-343-7505
Fax: 844-670-6009
Email: jdesmond@dickinsonwright.com
Email:  jbustos@dickinsonwright.com

JASON J. KIM (pro hac vice to be filed)
HUNTON ANDREWS KURTH LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071
Tel: 213-532-2114
Fax: 213-532-2020
kimj@HuntonAK.com

Attorneys for Defendant Samsung Electronics
America, Inc.

## ORDER

Upon the foregoing Stipulation, and good cause appearing,

IT IS SO ORDERED.

Dated this 6th day of October, 2022

_____

**698 E69 58ED F31A
Monica Trujillo
District Court Judge**

2 of 3


DICKINSON WRIGHT
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 3rd day of October 2022, I caused a copy of the foregoing **STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO THE COMPLAINT** to be transmitted by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's Odyssey E-File & Serve system.


Michael Kind, Esq.
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

Bryan Paul Thompson, Esq.
(*pro hac vice to be submitted*)
Robert W. Harrer, Esq.
(*pro hac vice to be submitted*)
**CHICAGO CONSUMER LAW CENTER, P.C.**
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Phone: 312-858-3239
FAX: 312-610-5646
Email: bryan.thompson@cclc-law.com
Email: rob.harrer@cclc-law.com
***Attorneys for Plaintiff Jay Gelizon and on behalf of all others similarly situated***


DATED this 3rd day of October 2022.


/s/ Laura P. Browning
An employee of DICKINSON WRIGHT PLLC



3 of 3

**Laura P. Browning**

| | |
|---|---|
| **From:** | Michael Kind <mk@kindlaw.com> |
| **Sent:** | Monday, October 3, 2022 9:28 AM |
| **To:** | Kim, Jason J. |
| **Cc:** | matthew tripp-cox; Justin J. Bustos; rob harrer; bryan thompson |
| **Subject:** | EXTERNAL: Re:[## 8789 ##] Gelizon v. Samsung Electronics America, Inc., Case No. A-22-857862-C/Bennett v. Samsung Electronics America, Inc., Case No. 2022CH08767 |

Hi Jason,

It looks like the signature line for the order on page 2 was pushed down.

Otherwise, you may file with my e-signature. No need to resend.

Thank you,

Sent on behalf of:

Michael Kind, Esq.



8860 S. Maryland Parkway, Suite 106, Las Vegas, Nevada 89123
Direct: (702) 337-2322
Toll Free: (844) 399-KIND (5463)
Fax: (702) 329-5881
https://kindlaw.com

<u>CONFIDENTIALITY NOTICE AND WARNING</u>:
This email (including all attachments) is privileged and may contain confidential information that is only intended to be viewed by intended recipients. If you received this email in error, please notify me immediately and delete the message. I do not waive any rights, privileges, or the confidentiality of the email's content. Any dissemination of this communication is strictly prohibited, without my written consent. Thank you for your cooperation.

---- on Mon, 03 Oct 2022 07:26:40 -0700 **"Kim, Jason J."<kimj@hunton.com>** wrote ----

Michael/Matt—please respond. We really need to file this today.

Jason



**Jason J. Kim**

Counsel

kimj@HuntonAK.com

p  213.532.2114
m 310.600.2758
f  213.532.2020

bio | vCard | LinkedIn

www.huntonretailindustryblog.com

Hunton Andrews Kurth LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071

HuntonAK.com

**From:** Kim, Jason J.
**Sent:** Friday, September 30, 2022 4:15 PM
**To:** Bryan Thompson <bryan.thompson@cclc-law.com>; mk@kindlaw.com
**Cc:** Matthew Tripp-Cox <matthew.tripp-cox@kindlaw.com>; Justin J. Bustos <JBustos@dickinson-wright.com>;
Rob Harrer <rob.harrer@cclc-law.com>
**Subject:** RE: Re:[## 8789 ##] Gelizon v. Samsung Electronics America, Inc., Case No. A-22-857862-C/Bennett
v. Samsung Electronics America, Inc., Case No. 2022CH08767

Matt or Michael, can you please approve for Michael's e-sig and filing.  I think Michael should sign if you aren't
admitted yet, Bryan.



**Jason J. Kim**

Counsel

kimj@HuntonAK.com

p  213.532.2114
m 310.600.2758
f  213.532.2020

bio | vCard | LinkedIn

www.huntonretailindustryblog.com

Hunton Andrews Kurth LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071

HuntonAK.com

**From:** Bryan Thompson <bryan.thompson@cclc-law.com>
**Sent:** Friday, September 30, 2022 3:58 PM
**To:** Kim, Jason J. <kimj@hunton.com>; mk@kindlaw.com
**Cc:** Matthew Tripp-Cox <matthew.tripp-cox@kindlaw.com>; Justin J. Bustos <JBustos@dickinson-wright.com>;
Rob Harrer <rob.harrer@cclc-law.com>
**Subject:** Re: Re:[## 8789 ##] Gelizon v. Samsung Electronics America, Inc., Case No. A-22-857862-C/Bennett
v. Samsung Electronics America, Inc., Case No. 2022CH08767

Caution: This email originated from outside of the firm.

Yes, should be fine. I'm not admitted PHV yet but if you're able to sign mine with permission, should be fine.
Thanks.

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

Jay Gelizon, Plaintiff(s)

vs.

Samsung Electronics America
Inc, Defendant(s)

CASE NO: A-22-857862-C

DEPT. NO.  Department 3

### AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulation and Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 10/6/2022

Michael Kind                    mk@kindlaw.com

1  Michael Kind, Esq.
2  Nevada Bar No.: 13903
   **Kind Law**
3  8860 South Maryland Parkway, Suite 106
4  Las Vegas, Nevada 89123
5  (702) 337-2322
   (702) 329-5881 (fax)
6  mk@kindlaw.com
7  *Attorney for Plaintiff Jay Gelizon*

8

9              **EIGHTH JUDICIAL DISTRICT COURT**
                  **CLARK COUNTY, NEVADA**
10

11  Jay Gelizon,                        Case No.:  A-22-857862-C
12                                       Dept. No:
13              Plaintiff,
14  v.                                   **Summons**
15
    Samsung Electronics America, Inc.,
16
17              Defendant.
18

19  **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE
        AGAINST YOU WITHOUT YOU BEING HEARD UNLESS
20      YOU FILE A RESPONSE WITH THE COURT WITHIN 21
21      DAYS.  READ THE INFORMATION BELOW CAREFULLY.**
22  To the Defendant: **Samsung Electronics America, Inc.**
23          A civil complaint has been filed by the Plaintiff against you. Plaintiff is
24  seeking to recover the relief requested in the Complaint, which could include a
25  money judgment against you or some other form of relief.
26
27

_____
SUMMONS                    - 1 -

1    If you intend to defend this lawsuit, within 21 calendar days after this

2  Summons is served on you (not counting the day of service), you must:

3    1. File with the Clerk of the Court, whose address is shown below, a formal

4    written response to Plaintiff's Complaint, in accordance with the rules of the

5    court.

6    2. Pay any required filing fees to the court, or request a waiver of the filing fee.

7    3. Serve a copy of your response upon the attorney whose name and address is

8    shown below.

9    If you fail to respond, the Plaintiff can request your default. The court can

10  then enter judgment against you for the relief demanded by the Plaintiff in the

11  Complaint, which could result in money or property being taken from you or some

12  other relief requested in Plaintiff's Complaint.

13    If you intend to seek an attorney's advice, do it quickly so that your response

14  can be filed on time.

15    STEVEN D. GRIERSON, CLERK OF COURT

16    Josefina San Juan        9/6/2022

17    ─────────────────────    ─────────────────

18  By:                        Dated:

19    Deputy Clerk

20    Regional Justice Center

21    200 Lewis Avenue

22    Las Vegas, Nevada 89155

   Issued at the request of:

23  /s/ Michael Kind

24  Michael Kind, Esq.

25  8860 South Maryland Parkway, Suite 106
   Las Vegas, Nevada 89123

26  *Attorney for Plaintiff Jay Gelizon*

27

─────────────────

SUMMONS                    - 2 -

Electronically Filed
9/2/2022 1:25 PM
Steven D. Grierson
CLERK OF THE COURT

1   Michael Kind, Esq.
2   Nevada Bar No. 13903
    **KIND LAW**
3   8860 South Maryland Parkway, Suite 106
    Las Vegas, NV 89123
4   Phone: (702 337-2322
    FAX: (702) 329-5881
5   Email: mk@kindlaw.com

6
    Bryan Paul Thompson, Esq. (*pro hac vice to be submitted*)
7   Robert W. Harrer, Esq. (*pro hac vice to be submitted*)
    **CHICAGO CONSUMER LAW CENTER, P.C.**
8   Cook County Firm No. 62709
    33 N. Dearborn St., Suite 400
9   Chicago, Illinois 60602
10  Phone: 312-858-3239
    FAX: 312-610-5646
11  Email: bryan.thompson@cclc-law.com
    Email: rob.harrer@cclc-law.com
12  *Attorneys for Plaintiff Jay Gelizon and on behalf of all others similarly situated*

CASE NO: A-22-857862-C
Department 3

13

14              **EIGHTH JUDICIAL DISTRICT COURT**

15                **CLARK COUNTY, NEVADA**

16

17  Jay Gelizon, individually and on behalf of          CASE NO.

18  all others similarly situated,                       **CLASS ACTION Complaint for
                                                          Damages Based on: (1) Negligence; (2)
19                                                        Invasion of Privacy; (3) Breach of
                                                          Contract; and (4) Breach of Implied
20                        Plaintiff,                      Contract

21          -vs.-                                         **Jury Trial Demanded**

22                                                        **Exempt from Arbitration: Class Action**
    Samsung Electronics America, Inc.,
23                        Defendant.

24

25

26

27

28

29                                    1

**Introduction**

1. Defendant Samsung Electronics America, Inc. ("Samsung") or ("Defendant") failed to safeguard the confidential personal identifying information of Plaintiff Jay Gelizon ("Plaintiff") and millions of individuals ("Class Members" or collectively as the "Class"). This class action is brought on behalf of Class Members whose personally identifiable information ("PII" or "Private Information") was stolen by cybercriminals in a cyber-attack that accessed sensitive patient information through Defendant's email accounts.

2. In July 2022, Defendant lost valuable PII regarding its customers due to unauthorized access from cybercriminals.

3. Defendant became aware of this breach on or about August 4, 2022, but waited until September 2, 2022, to inform its customers that their PII had been compromised.

4. Plaintiff and Class Members were not notified of the data breach until September 2022, more than a month after their information was first accessed.

5. The cybercriminals accessed insufficiently protected information belonging to Plaintiff and the Class Members. Upon information and belief, as a result of Defendant's failure to properly secure Plaintiff's and the Class Members' personal information, the cybercriminals obtained extensive personal information including names, contact and demographic information, dates of birth, and product registration information, collectively known as personally identifiable information ("PII" or "Private Information").

6. Plaintiff's and Class Members' sensitive personal information, which was entrusted to Defendant, its officials and agents, was compromised, unlawfully accessed, and stolen due to the Data breach.

7. As a result of Defendant's actions and/or inaction, Plaintiff and the Class Members were harmed and must now take remedial steps to protect themselves from future loss. Indeed, Plaintiff and all of the Class Members are currently at a very high risk of misuse of their Private Information in the coming months and years, including but not limited to

2

1  unauthorized credit card charges, unauthorized access to email accounts, identity theft, and

2  other fraudulent use of their financial accounts.

3  8.  Defendant's wrongful actions and/or inaction constitute common law negligence, invasion

4  of privacy by the public disclosure of private facts, breach of contract, and breach of implied

5  contract.

6  9.  Plaintiff brings this class action lawsuit on behalf of those similarly situated to address

7  Defendant's inadequate safeguarding of Class Members' Private Information that they

8  collected and maintained, and for failing to provide timely and adequate notice to Plaintiff

9  and other Class Members that their information had been subject to the unauthorized access

10  of an unknown third party.

11  10.  Plaintiff, on behalf of himself and the Class seeks (i) actual damages, economic damages,

12  emotional distress damages, statutory damages and/or nominal damages, (ii) exemplary

13  damages, (iii) injunctive relief, and (iv) fees and costs of litigation.

14  **Jurisdiction and Venue**

15  11.  This Court has jurisdiction to hear this case.

16  12.  Plaintiff is a resident of Clark County, Nevada.

17  13.  Defendant is a corporation doing business in Clark County, Nevada.

18  14.  Therefore, the Eighth Judicial District Court, Clark County, Nevada has personal

19  jurisdiction over both Plaintiff and Defendant and subject matter jurisdiction pursuant to

20  Article 6, Section 6 of the Nevada Constitution and NRS 4.370.

21  **Parties**

22  15.  Plaintiff is a natural person residing in Clark County, Nevada.

23  16.  Defendant is corporation that provides, manufactures and sells consumer electronics and

24  services, among other things. Defendant operates nationally, including in Nevada.

25  **Factual Allegations**

26  17.  Identity theft, which costs Americans billions of dollars a year, occurs when an individual's

27  personal identifying information is used without his or her permission to commit fraud or

28

29

3

other crimes. Victims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars.

18. According to the Federal Trade Commission ("FTC"):

> Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit.

19. The United States Government Accountability Office ("GAO") has stated that identity thieves can use identifying data to open financial accounts and incur charges and credit in a person's name. As the GAO has stated, this type of identity theft is the most damaging because it may take some time for the victim to become aware of the theft and can cause significant harm to the victim's credit rating. Like the FTC, the GAO explained that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records" as well the damage to their "good name."

20. Industry Standards highlight several basic cybersecurity safeguards that can be implemented to improve cyber resilience that require a relatively small financial investment yet can have a major impact on an organization's cybersecurity posture including: (a) the proper encryption of Private Information; (b) educating and training employees on how to protect Private Information; and (c) correcting the configuration of software and network devices.

21. Identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal and financial information for several years before using and/or selling the information to other identity thieves.

22. Accordingly, federal and state legislatures have passed laws to ensure companies protect the security of sensitive personally identifying confidential information, such as that wrongfully disclosed by Defendant.

4

23.  The FTC has issued a publication entitled "Protecting Personal Information: A Guide for Business" ("FTC Report"). The FTC Report provides guidelines for businesses on how to develop a "sound data security plan" to protect against crimes of identity theft. To protect the personal sensitive information in their files, the FTC Report instructs businesses to follow, among other things, the following guidelines:

a.  Know what personal information you have in your files and on your computers;

b.  Keep only what you need for your business;

c.  Protect the information that you keep;

d.  Properly dispose of what you no longer need;

e.  Control access to sensitive information by requiring that employees use "strong" passwords; tech security experts believe the longer the password, the better; and

f.  Implement information disposal practices reasonable and appropriate to prevent an unauthorized access to personally identifying information.

24.  The FTC Report also instructs companies that outsource any business functions to proactively investigate the data security practices of the outsourced company and examine their standards.

25.  The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

26.  Upon information and belief, Defendant has policies and procedures in place regarding the safeguarding of confidential information they are entrusted with and Defendant failed to comply with those policies. Defendant also negligently failed to comply with industry standards or even implement rudimentary security practices, resulting in Plaintiff's and the Class' confidential information being substantially less safe than had this information been entrusted with other similar companies.

27. On or around September 2, 2022, Plaintiff and millions of Class Members received emailed letters from Defendant notifying them that Defendant learned of suspicious activity that allowed one or more cybercriminals to access their systems containing Plaintiff's and the Class' Personally Identifiable Information.

28. The criminals were able to access Plaintiff's and the Class' personal information because Defendant failed to take reasonable measures to protect the Personally Identifiable Information they collected and stored. Among other things, Defendant failed to implement data security measures designed to prevent this attack, despite repeated industry wide warnings about the risk of cyberattacks and the highly publicized occurrence of many similar attacks in the recent past.

29. Defendant's notice of Data breach was not just untimely but woefully deficient, failing to provide basic details, including but not limited to, how unauthorized parties accessed their accounts, whether the information was encrypted or otherwise protected, how they learned of the Data breach, whether the breach occurred system-wide, whether servers storing information were accessed, and how many individuals were affected by the Data breach.

30. As a result of Defendant's failure to properly secure Plaintiff's and the Class Members' personal identifying information, Plaintiff's and the Class Members' privacy has been invaded.

31. Defendant also refused to provide credit monitoring or other services to assist Plaintiff and the class members' in monitoring their credit to help avoid identity theft.

32. Moreover, all of this personal information is likely for sale to criminals on the dark web, meaning that unauthorized parties have accessed and viewed Plaintiff's and the Class Members' unencrypted, non-redacted information, including names, contact and demographic information, dates of birth, and product registration information, and more.

33. Armed with the Private Information accessed in the cyber-attack, data thieves can commit a variety of crimes including, e.g., opening new financial accounts in Class Members' names, taking out loans in Class Members' names, using Class Members' health

6

information to target other phishing and hacking intrusions based on their individual health needs, using Class Members' information to obtain government benefits, filing fraudulent tax returns using Class Members' information, obtaining driver's licenses in Class Members' names but with another person's photograph, and giving false information to police during an arrest.

34. Given all of the information obtained, the criminals would also be able to create numerous fake accounts or phishing scams, as part of their identity theft operation.

35. As a direct and proximate result of Defendant's wrongful disclosure, criminals now have Plaintiff's and the Class Members' personal identifying information. Additionally, the disclosure makes Plaintiff and Class Members much more likely to respond to requests from Defendant or law enforcement agencies for more personal information, such as bank account numbers, login information or even Social Security numbers. Because criminals know this and are capable of posing as Defendant or law enforcement agencies, consumers like Plaintiff and fellow Class Members are more likely to unknowingly give away their sensitive personal information to other criminals.

36. Defendant's wrongful actions and inactions here directly and proximately caused the public disclosure of Plaintiff's and Class Members' personal identifying information without their knowledge, authorization and/or consent. As a further direct and proximate result of Defendant's wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

37. As a further result of the data breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

38. Names and dates of birth, combined with contact information like telephone numbers and email addresses, are very valuable to hackers and identity thieves as it allows them to access

7

users' other accounts. Thus, even if some information was not involved in the Data breach, the unauthorized parties could use Plaintiff's and Class Members' Private Information to access other information, including, but not limited to email accounts, government services accounts, e-commerce accounts, payment card information, and financial accounts, to engage in the fraudulent activity identified by Plaintiff.

39.     As a direct and proximate result of the data breach, Plaintiff and Class Members have suffered and will continue to suffer damages and economic losses in the form of: the loss of time needed to take appropriate measures to avoid unauthorized and fraudulent charges; change their usernames and passwords on their accounts; investigate, correct and resolve unauthorized debits, charges, and fees charged against their accounts; and deal with spam messages and e-mails received as a result of the data breach. Plaintiffs and Class Members have likewise suffered and will continue to suffer an invasion of their property interest in their own Private Information such that they are entitled to damages for unauthorized access to and misuse of their Private Information from Defendant. Plaintiffs and Class Members presently and will continue to suffer from damages associated with the unauthorized use and misuse of their Private Information as thieves will continue to use the stolen information to obtain money and credit in their name for several years.

40.     Defendant was at all times fully aware of its obligations to protect the Private Information of Plaintiff and Class Members. Plaintiff and Class Members would not have entrusted their Private Information to Defendant had they known that Defendant would fail to maintain adequate data security. Defendant was also aware of the significant repercussions that would result from their failure to do so.

41.     While this matter has only recently been discovered, Plaintiff believes that through discovery additional information will be obtained including what additional information may have been compromised by Defendant's actions and inactions, what actions Defendant took or did not take to secure data, and other information regarding the data breach.

8

1  42.  Accordingly, Plaintiff on behalf of himself and the Class, brings this action against

2       Defendant seeking redress for their unlawful conduct.

3                                  **Class Action Allegations**

4  43.  Pursuant to Nevada Rule of Civil Procedure 23 Plaintiff brings this class action on behalf

5       of himself and the following Class of similarly situated individuals:

6            All persons whose sensitive personal information, including, but not
7            limited to, names, contact and demographic information, dates of
         birth, and product registration information was obtained by an
8            unauthorized individual or individuals from Defendant during the July
         2022 data breach.
9

10 44.  The Class specifically excludes Defendant and their officers, directors, and/or agents, the

11      Court, and Court personnel.

12 45.  The putative Class is comprised of thousands of persons, making joinder impracticable. The

13      joinder of the Class Members is impractical and the disposition of their claims in the Class

14      action will provide substantial benefits both to the parties and to the Court. The Class can

15      be identified through Defendant's records or Defendant's agents' records.

16 46.  The rights of each Class Member were violated in an identical manner as a result of

17      Defendant's willful, reckless and/or negligent actions and/or inaction.

18 47.  The questions of law and fact common to all Class Members, and which predominate over

19      any questions affecting only individual Class Members, are as follows:

20    a. Whether Defendant negligently failed to maintain and execute reasonable procedures

21       designed to prevent unauthorized access to Plaintiff's and Class Members' personal

22       identifying information;

23    b. Whether Defendant was negligent in storing and failing to adequately safeguard Plaintiff's

24       and Class Members' personal identifying information;

25    c. Whether Defendant owed a duty to Plaintiff and Class Members to exercise reasonable

26       care in protecting and securing their personal identifying information;

27

28                                          9

29

d.  Whether Defendant breached its duties to exercise reasonable care in failing to protect and secure Plaintiff's and Class Members' personal identifying information;

e.  Whether by disclosing Plaintiff's and Class Members' personal identifying information without authorization, Defendant invaded Plaintiff's and Class Members' privacy;

f.  Whether Defendant created an implied contract with Plaintiff and Class Members to keep their personal identifying information confidential; and

g.  Whether Plaintiff and Class Members sustained damages as a result of Defendant's failure to secure and protect their personal identifying information.

48.  Plaintiff and his counsel will fairly and adequately represent the interests of Class Members. Plaintiff has no interests antagonistic to, or in conflict with, Class Members' interests. Plaintiff's attorneys are highly experienced in the prosecution of consumer class action, complex litigation and privacy breach cases.

49.  Plaintiff's claims are typical of Class Members' claims in that Plaintiff's claims and Class Members' claims all arise from Defendant's wrongful disclosure of their personal identifying information and from Defendant's failure to properly secure and protect the same.

50.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. Defendant would retain the benefits of their wrongdoing despite its serious violations of the law.

51.  The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Defendant. In contrast, the adjudication of this action as a class action presents far fewer management difficulties,

10

1    conserves judicial resources and the parties' resources, and protects the rights of each class

2    member.

3    52.    Defendant has acted or failed to act on grounds that apply generally to the Class as a whole,

4    so that class certification, injunctive relief, and corresponding declaratory relief are

5    appropriate on a class-wide basis.

6    53.    Class certification, therefore, is appropriate pursuant to Rule 23 because the above common

7    questions of law or fact predominate over any questions affecting individual Class

8    Members, and a class action is superior to other available methods for the fair and efficient

9    adjudication of this controversy.

**First Cause of Action**
**Negligence**

10

11    54.    Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

12    55.    Upon Defendant's accepting and storing the Private Information of Plaintiff and the Class

13    in its computer systems and on its networks, Defendant undertook and owed a duty to

14    Plaintiff and the Class to exercise reasonable care to secure and safeguard that information

15    and to use commercially reasonable methods to do so. Defendant knew that the Private

16    Information was private and confidential and should be protected as private and

17    confidential.

18    56.    Defendant owed a duty of care not to subject Plaintiff's and the Class' Private Information

19    to an unreasonable risk of exposure and theft because Plaintiff and the Class were

20    foreseeable and probable victims of any inadequate security practices.

21    57.    It was reasonably foreseeable that Defendant's failure to exercise reasonable care in

22    safeguarding and protecting Plaintiff's and Class Members' personal identifying

23    information would result in an unauthorized third-party gaining access to such information

24    for no lawful purpose, and that such third parties would use Plaintiff's and Class Members'

25    personal identifying information for malevolent and unlawful purposes, including the

26    commission of direct theft and identity theft.

27

28

29

58. Defendant knew, or should have known, of the risks inherent in collecting, storing, and sharing Private Information amongst themselves and the importance of adequate security. Defendant knew of should have known about numerous well-publicized data breaches within the industry.

59. Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of Defendant's failure to secure and protect their personal identifying information as a result of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft herein, insurance incurred in mitigation, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they suffered loss and are entitled to compensation.

60. Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) negligence at common law.

**Second Cause of Action**
**Invasion of Privacy by Public**
**Disclosure of Private Facts and Intrusion Upon Seclusion**

61. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

62. Plaintiff's and Class Members' personal identifying information is and always has been private information.

63. Dissemination of Plaintiff's and Class Members' private information is not of a legitimate public concern; publication to third parties of their personal identifying information would be, is and will continue to be, offensive to Plaintiff, Class Members, and other reasonable people.

64. Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of Defendant's invasion of their privacy by publicly disclosing their private facts including, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they are entitled to compensation.

12

65.   Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and Class Members' privacy by publicly disclosing their private facts (*i.e.*, their personal identifying information).

**Third Cause of Action**
**Breach of Contract**

66.   Plaintiff fully incorporates by reference all of the above paragraphs, as though fully set forth herein.

67.   Plaintiff and other Class Members entered into valid and enforceable express contracts with Defendant under which Plaintiff and other Class Members agreed to provide their Private Information to Defendant, and Defendant impliedly, if not explicitly, agreed to protect Plaintiff's and Class Members' Private Information.

68.   To the extent Defendant's obligation to protect Plaintiff's and other Class Members' Private Information was not explicit in those express contracts, the express contracts included implied terms requiring Defendant to implement data security adequate to safeguard and protect the confidentiality of Plaintiff's and other Class Members' Private Information, including in accordance with FCC regulations; federal, state and local laws; and industry standards. Neither Plaintiff nor any Class member would have entered into these contracts with Defendant without the understanding that Plaintiff's and other Class Members' Private Information would be safeguarded and protected; stated otherwise, data security was an essential implied term of the parties' express contracts.

69.   ₁A meeting of the minds occurred, as Plaintiff and Class Members agreed, among other things, to provide their Private Information in exchange for Defendant's agreement to protect the confidentiality of that Private Information.

70.   The protection of Plaintiff's and Class Members' Private Information was a material aspect of Plaintiff's and Class Members' contracts with Defendant.

13

71. Defendant's promises and representations described above relating to FCC regulations and industry practices, and Defendant's purported concern about its clients' privacy rights became terms of Plaintiff's and Class Members' contracts with Defendant. Defendant breached these promises by failing to comply with FCC regulations and reasonable industry practices.

72. Plaintiff and Class Members read, reviewed, and/or relied on statements made by or provided by Defendant and/or otherwise understood that Defendant would protect their Private Information if that information was provided to Defendant.

73. Plaintiff and Class Members fully performed their obligations under the implied contract with Defendant; however, Defendant did not.

74. As a result of Defendant's breach of these terms, Plaintiff and Class Members have suffered a variety of damages including but not limited to: the lost value of their privacy; not getting the benefit of their bargain with Defendant; the lost difference in the value between the secure services Defendant promised and the insecure services received; the value of the lost time and effort required to mitigate the actual and potential impact of the data breach on their lives, including, *inter alia*, the requirement to place "freezes" and "alerts" with credit reporting agencies, to contact financial institutions, to close or modify accounts, to closely review and monitor credit reports and various accounts for unauthorized activity, and to file police reports. Additionally, Plaintiff and Class Members have been put at an increased risk of future identity theft, fraud, and/or misuse of their Private Information, which may take years to manifest, discover, and detect.

75. Plaintiff and Class Members are therefore entitled to damages, including restitution and unjust enrichment, disgorgement, declaratory and injunctive relief, and fees and costs of litigation.

### Fourth Cause of Action
### Breach of Implied Contract

76. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

14

77. "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

78. Among other things, Plaintiff and Class Members were required to disclose their personal identifying information to Defendant in order to do business with it, as well as implied contracts for the Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' Private Information.

79. When Plaintiff and Class Members provided their Private Information to Defendant in exchange for Defendant's goods and/or services, they entered into implied contracts with Defendant pursuant to which Defendant agreed to reasonably protect such information.

80. In entering into such implied contracts, Plaintiff and Class Members reasonably believed and expected that Defendant's data security practices complied with relevant laws and regulations and were consistent with industry standards.

81. Under implied contracts, Defendant and/or its affiliated providers promised and was obligated to protect Plaintiff's and Class Members' Private Information. In exchange, Plaintiff and Members of the Class agreed to turn over their Private Information.

82. The implied contracts that include the contractual obligations to maintain the privacy of Plaintiff's and Class Members' Private Information, are also acknowledged, memorialized, and embodied in multiple documents, including (among other documents) Defendant's Data breach notification notice and Defendant's notices of privacy practices.

83. Defendant's express representations, including, but not limited to the express representations found in their notices of privacy practices, memorialize and embody the implied contractual obligations requiring Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' Private Information.

84. Plaintiff and Class Members performed their obligations under the contract when they provided their Private Information in consideration for Defendant's employment services.

15

85.    Defendant materially breached its contractual obligations to protect the private information Defendant gathered when the information was accessed and exfiltrated during the data breach.

86.    Defendant materially breached the terms of the implied contracts, including, but not limited to, the terms stated in the relevant notices of privacy practices. Defendant did not maintain the privacy of Plaintiff's and Class Members' Private Information as evidenced by its notification of the data breach to Plaintiff and Class Members. Specifically, on information and belief, Defendant did not comply with industry standards, standards of conduct embodied in statutes like Section 5 of the FTCA, or otherwise protect Plaintiff's and Class Members' private information as set forth above.

87.    The data breach was a reasonably foreseeable consequence of Defendant's actions in breach of these contracts.

88.    As a result of Defendant's failure to fulfill the data security protections promised in these contracts, Plaintiff and Class Members did not receive full benefit of the bargain they entered into, and instead received services that were of a diminished value to that described in the contracts. Plaintiff and Class Members, therefore, were damaged in an amount at least equal to the difference in the value between the secure services Defendant promised and the insecure services received.

89.    Had Defendant disclosed that its security was inadequate or that it did not adhere to industry-standard security measures, neither Plaintiff, Class Members, nor any reasonable person would have entered into the aforementioned contracts with Defendant.

90.    As a direct and proximate result of the data breach, Plaintiff and Class Members have been harmed and suffered, and will continue to suffer, actual damages and injuries, including without limitation the release and disclosure of their Private Information, the loss of control of their Private Information, the imminent risk of suffering additional damages in the future, out of pocket expenses, and the loss of the benefit of the bargain they had struck with Defendant.

16

**Prayer for Relief**

91.    Wherefore, Plaintiff, individually and on behalf of the other members of the Class proposed in this complaint, respectfully requests that the Court enter judgement in favor of Plaintiff and the Class against Defendant, as follows:

- Certifying this action as a class action, with a class as defined above;

- For equitable relief enjoining Defendant from engaging in the wrongful acts and omissions complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Information, and from failing to issue prompt, complete and accurate disclosures to Plaintiff and Class Members;

- Awarding compensatory damages to redress the harm caused to Plaintiff and Class Members in the form of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm. Plaintiff and Class Members also are entitled to recover statutory damages and/or nominal damages. Plaintiff's and Class Members' damages were foreseeable by Defendant and exceed the minimum jurisdictional limits of this Court.

- Ordering injunctive relief including, without limitation, (i) adequate credit monitoring, (ii) adequate identity theft insurance, (iii) instituting security protocols in compliance with the appropriate standards and (iv) requiring Defendant to submit to periodic compliance audits by a third party regarding the security of personal identifying information in its possession, custody and control.

- Awarding Plaintiff and the Class Members interest, costs and attorneys' fees; and

- Awarding Plaintiff and the Class such other and further relief as this

17

Court deems just and proper.

## Trial by Jury

92.    Pursuant to the seventh amendment to the Constitution of the United States of America and

the Constitution of the State of Nevada, Plaintiff is entitled to, and demands, a trial by jury.


DATED this 2nd day of September 2022.


Respectfully submitted,


**Kind Law**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123


**Chicago Consumer Law Center, P.C.**

/s/ Bryan Paul Thompson
Bryan Paul Thompson (Pro hac Vice Forthcoming)
Robert W. Harrer (Pro hac Vice Forthcoming)
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
*Attorneys for Plaintiff and on behalf*
*of all others similarly situated*

18

DISTRICT COURT CIVIL COVER SHEET

CASE NO: A-22-857862-C
Department 3

Clark    County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Jay Gelizon | Samsung Electronics America, Inc. |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Michael Kind<br>8860 S. Maryland Parkway, Suite 106<br>Las Vegas, Nevada 89123<br>702 337-2322 – MK@KINDLAW.COM | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | Other Civil Filing |
|---|---|
| **Civil Writ** | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus    ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus    ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | ☒ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

| 09/02/2022 | /s/ Michael Kind |
|---|---|
| Date | Signature of initiating party or representative |

*See other side for family-related case filings.*